```
                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                           AT ROANOKE, VA
                                                                FILED
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MAY 31 2007

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

| | |
|---|---|
| QUENTIN MCLEAN, <br> Plaintiff, | ) <br> ) Civil Action No. 7:07cv00276 <br> ) |
| v. | ) MEMORANDUM OPINION <br> ) |
| TRACY S. RAY, et al., <br> Defendants. | ) By: Samuel G. Wilson <br> ) United States District Judge |

Plaintiff Quentin McLean, a Virginia prisoner proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. However, this court has dismissed three of McLean's previous complaints for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Therefore, McLean may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As McLean has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court dismisses his complaint without prejudice and denies his motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).[3]

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

ENTER: This 31st day of May, 2007.

/s/
United States District Judge

---

[1] See McLean v. Mr. Fleming, et al., Civil Action No. 7:98cv00731 (W.D. Va. January 13, 1999); McLean v. J. Bolling, et al., Civil Action No. 7:99cv00221 (W.D. Va. May 10, 1999); McLean v. Schillin, et al., Civil Action No. 7:99cv00318 (W.D. Va. July 20, 1999).

[2] McLean merely makes a vague allegation that he has was served "food trays containing bodily fluids from April 29, 2007 to May 29, 2007." He does not allege that he has suffered any actual injury or that he is at risk of immediate harm because of alleged bodily fluid. He also claims that some of the defendants are making "lewd, obscene, and harassing statements" to him. However, verbal abuse and harassment by guards, without more, does not state a constitutional claim. See Cullins v. Cundy, 603 F.2d 825 (10th Cir. 1979).

[3] The court has previously notified McLean that he may not file civil actions in this court unless he either pays the filing fee or demonstrates that he is under imminent danger of serious physical injury. Therefore, the court will not give McLean additional time to pay the filing fee or amend his complaint.

1